**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| KIMBERLY HAMPTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No. 2:24-cv-384 |
| ) | |
| THE WORTHINGTON STEEL ) | |
| COMPANY, ) | |
| ) | |
| Defendant. | |

## <u>OPINION AND ORDER</u>

Plaintiff Kimberly Hampton, proceeding *pro se*, filed a Motion to Reopen the Case and Vacate the Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 60(b). [DE 34.] Defendant, the Worthington Steel Company opposed that motion and requested attorneys' fees and costs associated with responding to the motion. For the reasons stated below, I will not be reopening this case, but Hampton will not be ordered to pay Worthington's attorneys' fees.

## Background

On October 28, 2024, Hampton filed her original complaint against Worthington, alleging sex and race discrimination. [DE 1].[1] At the time, Hampton was represented by John H. Haskin and Craig M. Williams of John H. Haskin & Associates. On July 30, 2025, Hampton and Worthington participated in a full-day mediation during which the the parties reached a resolution in which Hampton would retire from her employment

---

[1] Hampton amended her complaint on March 5, 2025 to correct an improperly named Worthington entity. [DE 12.]

1

at Worthington in exchange for a payment and various additional benefits. [DE 34, Exh. D, 3; DE 35, 2.] The parties signed a term sheet that same day, and Hampton executed the settlement agreement. On August 29, 2025, the parties filed a joint stipulation of dismissal with prejudice [DE 31], which I granted. [DE 32.]

A little over three months later, on December 8, 2025, Hampton filed the present *pro se* motion [DE 34, 1.] In her motion and the attached exhibits, Hampton relays a more complicated version of events. Hampton states that the day after the mediation, she told her attorney (Paul Logan at Haskin & Associates) that she did not understand the terms of the agreement, did not consent, and wanted to withdraw from the agreement. *Id.* at 1-2. Hampton attached exhibits to her motion that show that she followed up with Logan on August 4, reiterating that she did not wish to proceed with the agreement if possible, and stating that she did not agree with it and simply was not in a good state of mind during the mediation. [DE 34, Exh. B.]

Logan responded to her email, stating that it would be difficult for her to argue that she lacked the mental capacity to enter into the agreement, and that the likely outcome of her refusing to follow through with the settlement would be Worthington filing a motion to enforce the settlement and requesting attorneys' fees for having to do so. Logan stated that at "that point this firm will have conflicts of interest with you, as I was present during the negotiations and the firm has an interest in the settlement as opposed to spending time on claims which in our legal opinion will not succeed." *Id.*

On August 6, Logan sent Hampton the proposed comprehensive settlement agreement. Hampton responded that she did not agree to the settlement and wanted

Logan to call her. [DE 34, Exh. C.] It is unclear exactly what happened next, but Hampton states that she was coerced into the agreement. [DE 34, 2.] On August 12, Logan sent Worthington's attorneys the agreement signed by Hampton.

Hampton seeks relief under Rule 60(b)(1), 60(b)(3), and 60(b)(6). [DE 34, 1.] Specifically, Hampton argues that she did not understand the settlement agreement and sought to rescind it prior to it being executed, and that her attorney threatened her, refused to honor her request, and had a conflict of interest. *Id.* at 1-2.

### Legal Standard

Rule 60(b) provides six grounds upon which a court may relieve a party from a final judgment, order, or proceeding, three of which are relevant to this case: "(1) mistake, inadvertence, surprise, or excusable neglect; ... (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ... or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Relief under this rule is an extraordinary remedy that is granted only in exceptional circumstances. *Eskridge v. Cook Cty.*, 577 F.3d 806, 809 (7th Cir. 2009). District courts are given broad discretion to deny a motion for relief from judgment. *Mendez v. Republic Bank*, 725 F.3d 651, 657 (7th Cir. 2013). Additionally, I note that Hampton is proceeding *pro se*. Accordingly, I will liberally construe Hampton's motion. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed[.]").

### Discussion

I will parse out each of Hampton's core arguments in turn and then turn to the issue of attorneys' fees.

**1.  Mistake, Surprise, Inadvertence, or Excusable Neglect Under Rule 60(b)(1)**

Hampton's first argument is that she did not understand the terms of the agreement on the day of the mediation when she signed the term sheet due to mental distress. She argues that this is grounds for release under Rule 60(b)(1). Hampton filed documents showing that, in the months leading up to the mediation, she was receiving individual therapy counseling and other treatments for mental health distress. [DE 37, Exh. A.]

Rule 60(b)(1) does not encompass any old misunderstanding. A "mistake" under Rule 60(b)(1) "that might justify relief typically involves a misunderstanding of the surrounding facts and circumstances." *Eskridge v. Cook County*, 577 F.3d 806, 809 (7th Cir. 2009); *see also Harwood v. Summerville*, 92 F.App'x 336, 338 (7th Cir. 2004) ("Rule 60(b)(1) may apply to clerical errors, oversights, or omissions by judicial officers."). "Rule 60(b)(1) relief is not available for a party who simply misunderstands the legal consequences of his deliberate acts." *Cashner v. Freedom Stores, Inc.,* 98 F.3d 572, 577 (10th Cir. 1996). Here, Hampton signed the term sheet and signed the final settlement agreement. Her actions were deliberate. Her lack of understanding of the legal consequences of her deliberate act is not grounds for relief under Rule 60(b)(1).

Of course, Hampton has additional arguments that bear on her understanding of the agreement and whether her signing was voluntary, but those arguments do not fall under the strict purview of Rul 60(b)(1) and are best understood under the catchall provision of Rule 60(b)(6). *Datto v. Harrison*, 2011 WL 5865962, at *9 (E.D. Pa. Nov. 22, 2011) ("Datto bases his motion to vacate the judgments in these cases primarily upon

his inability to understand the nature of the settlement because of mental impairment…
This does not fall into one of the first five categories under Rule 60(b), and will be
treated by the Court as a claim under Rule 60(b)(6).") Those arguments will be
discussed subsequently alongside the appropriate subsection.

### 2. Misconduct by an Opposing Party Under Rule 60(b)(3)

Hampton argues that she was coerced by her attorney into signing the agreement
and that this entitled her to relief under Rule 60(b)(3). This misunderstands Rule
60(b)(3). Relief is only available under Rule 60(b)(3) where the alleged fraud,
misrepresentation, or misconduct is committed by an opposing party, not a party's own
counsel. *Latshaw v. Trainer Wortham & Co.*, 452 F.3d 1097, 1102 (9th Cir. 2006) (alleged
misconduct and fraud by movant's attorney could not satisfy 60(b)(3) because "(b)(3)
permits relief only when the fraud was committed by 'an adverse party.'"); *Reynolds v.
Boyd*, 2021 WL 6618457 at *4 (M.D. Tenn. July 20, 2021) ("[R]elief is only available under
Rule 60(b)(3) when fraud, misrepresentation, or misconduct has been perpetrated by an
opposing party, not by the movant's own counsel."). So, Hampton cannot properly seek
relief for her own attorney's actions under Rule 60(b)(3).

### 3. Any Other Reason That Justifies Relief Under Rule 60(b)(6).

Most of Hampton's substantive arguments are best understood under Rule
60(b)(6), the catchall provision that allows a judge to consider the specific, often unique
circumstances of a case to determine if it should be reopened. A motion under Rule
60(b)(6) "should be granted only where the party seeking relief demonstrates
"extraordinary" or "exceptional circumstances." *Budget Blinds, Inc. v. White*, 536 F.3d

244, 255 (3d Cir. 2008).

First, I consider Hampton's argument regarding her mental state on the day of the mediation. As mentioned above, Hampton submitted documentation showing that she was receiving some mental health treatment around the time of the mediation, and states that she was not in a good state of mind during the mediation. Hampton provided records showing that she generally received some individual counseling and that she had been prescribed an antidepressant. [DE 37, Exh. A.] She has not provided any documentation showing that these general facts about herself (which I note many Americans share), without more, made her fundamentally unable to understand the agreement she was entering into. Moreover, despite her argument that she was suffering from a "lack of mental capacity" in her motion [DE 34, 2], she stated in the "Summary of Coercion and Lack of Voluntary Consent" document that she submitted to the Court that she objected to her attorney "refram[ing] my concerns as a 'mental capacity' argument, which I never claimed, while ignoring the actual issues… This mischaracterization minimized my concerns…." [DE 37, 25.] In sum, Hampton's argument that she lacked mental capacity to enter into this agreement lacks the substantial support necessary to convince this Court to vacate a binding agreement.

Second, Hampton argues that her own attorney improperly pressured her into settling the case and had an impermissible conflict of interest due to his statement to her that, if she reneged on the settlement, his firm would have a conflict of interest with her. I do not reach the merits of this issue because it is not a proper ground for relief under Rule 60(b)(6), or any other Rule 60(b) provision. "If a party's lawyer is guilty of

professional malpractice… the party has a remedy against him, but it should not be permitted to shift the burden of its agent's neglect to the district court and the defendants." *Tango Music, L.L.C. v. Deadquick Music, Inc.*, 348 F.3d 244, 247 (7th Cir. 2003). If Hampton believes her attorney acted improperly, she may pursue a malpractice claim against her attorney, not revive this case under Rule 60(b). *Pantoja v. Texas Gas & Transmission Corp.*, 890 F.2d 955, 960 (7th Cir. 1989) (plaintiff's remedy for an alleged conflict of interest or attorney misconduct "lies against the attorney."); *see also Longs v. City of South Bend*, 201 Fed. Appx. 361, 364 (7th Cir. 2006) ("Rule 60(b)(6) is unavailable when attorney negligence or other attorney misconduct is at issue… The proper remedy is a malpractice action against the attorney.").

### 4. Worthington's Request for Attorneys' Fees

In its response brief, Worthington requested attorneys' fees. [DE 35.] Hampton then filed a "Motion in Opposition to Defendant's Request for Attorneys' Fees and Costs," [DE 37] which Worthington separately responded to as its own motion. [DE 39.] For simplicity's sake, this Court will treat Hampton's Motion In Opposition to Defendant's Request for Attorneys' Fees and Costs [DE 37] as the operative motion for this issue.

This Court has the inherent ability to order a party to pay attorneys' fees, but it is not a power the Court uses lightly. When not empowered by a statute, courts generally only order attorneys' fees when a litigant has acted "vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (internal quotation marks omitted). The Supreme Court has stated that "if a court finds 'that

7

fraud has been practiced upon it, or that the very temple of justice has been defiled,' it may assess attorney's fees against the responsible party[.]" *Id.* at 46 (quoting *Universal Oil Products Co. v. Root Refining Co.,* 328 U.S. 575, 580 (1946)). In reading Hampton's briefing, I do not see evidence that she has acted vexatiously, oppressively, or fraudulently. Hampton presented her arguments and provided some documentation to the Court to allow it to better parse out her claims. While her arguments were incorrect and at times contradictory, that hardly warrants an award of attorneys' fees, especially because Hampton is now proceeding *pro se*. Worthington's request for attorneys' fees is denied.

### Conclusion

For the reasons stated above, Hampton's Motion to Reopen the Case and Vacate the Stipulation of Dismissal pursuant to Federal Rule of Civil Procedure 60(b) [DE 34] is **DENIED** and her Motion in Opposition to Defendant's Request for Attorneys' Fees and Costs [DE 37] is **GRANTED**. Hampton's request for attorneys' fees is thus **DENIED**.

SO ORDERED.

ENTERED: July 2, 2026.

/s/ Philip P. Simon
UNITED STATES DISTRICT JUDGE

8